UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARDELL COUNCIL, | ) Case No. CV 13-05101 VBF (MRW) |
|         Petitioner, | ) |
| v. | ) ORDER ADOPTING IN PART AND |
| | ) DECLINING TO ADOPT IN PART THE |
| J. MACDONALD, Warden, | ) REPORT AND RECOMMENDATION; |
| | ) DENYING THE HABEAS PETITION |
|         Respondent. | ) FOR LACK OF MERIT |
| | ) |

    Petitioner is a state prisoner whose only federal habeas claim is that state prison officials violated his federal constitutional rights by failing to award him "day-for-day" credits for time spent in custody, *see* R&R at 1.  Citing *Wolff*, 418 U.S. 539, petitioner contends that he has a federal due process right to obtain day-for-day credits at the favorable rate that is available to some prisoners – but not available to him – under Cal. Penal code section 2933, *see* Report and Recommendation ("R&R") at 3.  The Magistrate Judge has issued an R&R recommending that the Court deny the habeas petition for lack of merit.  For the reasons that follow, the Court will deny the petition for lack of merit, as recommended, but will decline to adopt part of the R&R's rationale.  By separate orders the Court will enter final judgment and deny a certificate of appealability ("COA").

    The Magistrate is right to conclude that this claim lacks merit because *Wolff* is distinguishable and the U.S. Supreme Court has not yet held that it applies to his situation. *Wolff*

involved prison disciplinary proceedings which resulted in the forfeiture of "good time" credits which petitioner had already earned and accrued. The Supreme Court held that in such a circumstance, a prisoner is entitled to minimal procedural due-process protections before the State deprives him of previously-earned credits and thereby extends his release date. *See* R&R at 3 (citing *Bostic*, 884 F.2d at 1269). As the Magistrate notes (R&R at 3), petitioner fails to identify, and the Court has not located, any Supreme Court decision holding that the U.S. Constitution requires a State to provide procedural protections before denying him credits which he has not earned or to which he is not entitled under state law. This ends the analysis, because it cannot be said that the state court's rejection of this claim was contrary to or unreasonably applied any Supreme Court holding.

**It is not only unnecessary but also inappropriate to go on to survey the state of Ninth Circuit Court of Appeals case law on this procedural due-process issue.** *See* R&R at 3-4 ("To the contrary, the Ninth Circuit has repeatedly declared that a California prison inmate has 'no right to earn one-for-one worktime credits.'") (quoting *Touissant*, 801 F.2d at 1094, and citing *Kalka*, 867 F.3d at 547 (prisoner's due process claim of entitlement to favorable credit calculation was "foreclosed by *Touissant*") and unpublished Ninth Circuit decisions). Nor is appropriate for the R&R to state that "Petitioner offers no legitimate basis for the Court to ignore settled law on this issue" with reference to Ninth Circuit Court of Appeals decisions, because only the holdings of the U.S. Supreme Court constitute the relevant "settled law" and "clearly established Federal law" for purposes of state-prisoner section 2254 claims that are governed by AEDPA.

**By using Circuit precedent to supply the legal standard,** "the Report effectively measures the California state courts' compliance with Ninth Circuit holdings, proceeding on the premise that noncompliance with those holdings could furnish a basis for federal habeas relief. Such use of circuit precedent is not permitted in a § 2254 habeas case, particularly after the Supreme Court's issuance of *Marshall v. Rodgers* . . . 133 S. Ct. 1446 [,]" *reh'g denied*, 133 S. Ct. 2408 (2013). *See Acklin v. Lewis*, 2013 WL 5175505, *1 (C.D. Cal. Sept. 11, 2013). In *Marshall v. Rodgers*, "the Supreme Court held that a federal habeas court's permissible use of circuit precedent is very limited: it may 'look to circuit precedent [only] to ascertain whether [the Circuit] has already held that the

particular point in issue is clearly established by Supreme Court precedent . . .'" *Acklin*, 2013 WL 5175505 at *1 (citing *Marshall*, 133 S. Ct. at 1450-51). "For state prisoners who seek federal habeas relief pursuant to 28 U.S.C. § 2254, AEDPA requires them to show that a state court violated 'clearly established Federal law', defined for that purpose as only the holdings (as opposed to dicta) of the United States Supreme Court at the time of the relevant [state-court] decision." *US v. Sayre*, 2013 WL 3872172, *10 (C.D. Cal. Apr. 30, 2013) (citing *Williams v. Taylor*, 529 U.S. 362, 412, 120 S. Ct. 1495 (2000) and *Carey v. Musladin*, 549 U.S. 70, 74, 127 S. Ct. 649 (2006)).[1]

"'Only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied' for a state-court decision to survive AEDPA review." *Sayre*, 2013 WL 3872172 at *10 (quoting *Moses v. Payne*, 555 F.3d 742, 759 (9th Cir. 2009)). As the Ninth Circuit reiterated just days ago, "Our precedent *cannot* be mistaken for clearly established Supreme Court law." *Murray v. Schriro*, No. 08-99008, –F.3d –, 2014 WL 997716, *7 (9th Cir. Mar. 17, 2014) (citing *Marshall*, 133 S. Ct. at 1450-51, and *Parker v. Mathews*, – U.S. –, 132 S. Ct. 2148, 2155 (2012) (circuit court erred in consulting its own precedent in analyzing § 2254 claim)).

**Accordingly, this Court declines to adopt the Report page 3 line 20 through page 5 line 1.** The sole basis for this Court's refusal to disturb the state courts' rejection of this procedural-due-process claim is this: petitioner has not identified any Supreme Court decision holding that the U.S. Constitution's due process clause entitles a state prisoner to *Wolff*-style safeguards before the State denies him sentence credits which he has not yet earned or accrued under applicable state law. *Cf., e.g., Rivas v. Cate*, 2014 WL 949263, *1 (9th Cir. Mar. 12, 2014) ("Because of these strictures we have held, in a case where expert witness evidence was excluded, that *Miller* [adduced in support of petitioner's view] is a 'creation of circuit law' and 'we cannot fault the state appellate court' unless it violates Supreme Court precedent.") (quoting *Moses v. Payne*, 555 F.3d 742, 759 (9th Cir. 2009)); *Taylor v. Miller*, 2014 WL 879606, *6 (C.D. Cal. Mar. 4, 2014).

---

[1] *Accord Jimenez v. Walker*, 458 F.3d 130, 146 (2d Cir. 2006); *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010); *Grant v. Trammell*, 727 F.3d 1006, 1020 (10th Cir. 2013) ("[W]e can only fault [the state court of criminal appeals] for failing to abide Supreme Court precedent, not our own.").

ORDER

The Court **ADOPTS in part and DECLINES to adopt in part** the Report & Recommendation **[Doc # 24]**.

The habeas corpus petition **[Doc # 1] is DENIED** for lack of merit.

The Court declines to adopt R&R page 3 line 20 through page 5 line 1.

This case shall be terminated and closed.

As required by Fed. R. Civ. P. 58(a)(1), final judgment will be entered by separate document.

DATE: March 31, 2014

*Valerie Baker Fairbank*
HON. VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE